# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 7 |
| MICHAEL L. METTER, | Bankruptcy Case No. 01-50506 |
| Debtor. | |
| RICHARD M. COAN, TRUSTEE, | |
| Plaintiff, | Adversary Proceeding No. |
| V. | |
| DEBORAH METTER, | 02 5003AHWS |
| Defendant. | January 15, 2002 |

## COMPLAINT

Richard M. Coan, Trustee of the Bankruptcy Estate of Michael L. Metter, by and through his attorneys, Coan, Lewendon, Gulliver & Miltenberger, LLC, hereby brings this complaint against Deborah Metter, and states as follows:

### Parties and Jurisdiction

1. Richard M. Coan (the "Trustee") is the duly appointed trustee of the bankruptcy estate of Michael L. Metter ("Mr. Metter") and is currently serving in that capacity.

2. Deborah Metter ("Mrs. Metter") is an individual with, upon information and belief, a principal residence located at 1 Tinker Lane, Greenwich, Connecticut.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).



### Factual Background

5. In or about March of 1995, Mr. and Mrs. Metter purchased the fee simple interest in real property commonly known as 1 Tinker Lane, Greenwich, Connecticut ("1 Tinker"). In or about July of 1995, Mr. and Mrs. Metter closed on the purchase of 1 Tinker.

6. In 1998, Mr. Metter transferred his interest in 1 Tinker to Mrs. Metter (the "Transfer").

7. On April 19, 2001 (the "Petition Date"), Mr. Metter filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code that listed assets in the amount of $30,275.19, and unsecured claims in the amount of $5,087,975.72.

### Count One

### (Fraudulent Conveyance against Mrs. Metter)

8. Paragraphs 1 through 7 are incorporated by reference as if fully stated in this Count One.

9. Mr. Metter received less than reasonably equivalent value for the Transfer.

10. Mr. Metter was insolvent on the date of the Transfer, or became insolvent as a result of the Transfer.

11. After the date of the Transfer, Mr. Metter was engaged in business or transactions for which the remaining property of Mr. Metter was unreasonably small.

12. At and after the date of the Transfer, Mr. Metter intended or believed that he would incur debts that would be beyond his ability to repay.

2

13. Pursuant to 11 U.S.C. § 544 and Conn. Gen. Stat., § 52-552, et seq., the Trustee may avoid the Transfer and recover the value of the Transfer for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 550.

### Count Two

### (Fraudulent Conveyance Against Mrs. Metter)

14. Paragraphs 1 through 7 are incorporated by reference as if fully stated in this Count Two.

15. The Debtor made the Transfer with the actual intent to hinder, delay and defraud his creditors.

16. Pursuant to 11 U.S.C. § 544 and Conn. Gen. Stat., § 52-552, et seq., the Trustee may avoid the transfers and recover the value of the transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 550.

### Count Three

### (Imposition of Constructive Trust)

17. Paragraphs 1 through 7 are incorporated by reference as if fully stated in this Count Four.

18. Mrs. Metter received an interest in 1 Tinker from Mr. Metter.

19. Mrs. Metter holds and enjoys that interest in 1 Tinker by way of unconscionable conduct and questionable means. Mrs. Metter holds and enjoys said interest to the exclusion of the his bankruptcy estate and creditors, and Mrs. Metter is unjustly enriched by said interest.

20. In equity and good conscience, Mrs. Metter should not hold and enjoy any rights to the Property.

21. The interest in 1 Tinker is the res of a constructive of which the bankruptcy estate of Michael Metter is the beneficiary.

WHEREFORE, Richard M. Coan, Trustee of the Bankruptcy Estate of Michael Metter requests the following relief:

1. A money judgment against Mrs. Metter for the value of the Transfer;

2. Actual and consequential damages in an amount to be determined at trial;

3. Prejudgment interest at the highest rate permitted by law or equity;

4. All costs of court in this action, including reasonable attorneys' fees;

5. Interest on the judgment at the highest lawful rate from the date of the judgment;

6. The imposition of a constructive or resulting trust on 1 Tinker Lane, Greenwich, Connecticut, for the benefit of the bankruptcy estate; and

7. Such other relief, general or special, at law or in equity, to which the plaintiff is entitled.

RICHARD M. COAN, TRUSTEE

By /s/ Timothy D. Miltenberger
Timothy D. Miltenberger (ct08874)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange Street
New Haven, CT 06511
(203) 624-4756
His Attorneys

5

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

| ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|

**PLAINTIFFS**

Richard M. Coan, Trustee of the bankruptcy estate of

Michael L. Metter

**DEFENDANTS**

Deborah Metter

02-5003

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

Timothy D. Miltenberger (203) 624-4756
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange Street, New Haven, CT 06511

**ATTORNEYS** (If Known)

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Fraudulent conveyance action under 11 U.S.C. Section 548 seeking avoidance of fraudulent transfers and the imposition of a constructive trust.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☒ 454 To Recover Money or Property
☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)
☒ 1 Original Proceeding  ☐ 2 Removed Proceeding  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND** NEAREST THOUSAND $ Unknown

**OTHER RELIEF SOUGHT**

☐ JURY DEMAND

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

NAME OF DEBTOR: Michael L. Metter
BANKRUPTCY CASE NO.: 01-50506
DISTRICT IN WHICH CASE IS PENDING: Connecticut
DIVISIONAL OFFICE: Bridgeport
NAME OF JUDGE: Alan H.W. Shiff

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**FILING FEE** (Check one box only.)  ☐ FEE ATTACHED  ☐ FEE NOT REQUIRED  ☒ FEE IS DEFERRED

DATE: 1/18/02
PRINT NAME: Timothy D. Miltenberger
SIGNATURE OF ATTORNEY (OR PLAINTIFF): [signature]