**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| MICHAEL METTER, | ) Case No. 01-50506 (AHWS) |
| | ) |
| Debtor. | ) |
| | ) |
| RICHARD M. COAN, TRUSTEE, | ) Adversary Proceeding No. 02-5003 |
| | ) |
| Plaintiff, | ) |
| V. | ) |
| | ) |
| DEBORAH METTER, | ) |
| | ) |
| Defendant. | ) March 2, 2004 |

## MOTION FOR AUTHORITY TO COMPROMISE AND SETTLE A CONTROVERSY

Richard M. Coan, trustee of the bankruptcy estate of Michael Metter, by and through his attorneys, Coan, Lewendon, Gulliver, & Miltenberger, LLC, hereby moves for authority to compromise and settle a controversy with Deborah Metter (the "Defendant"), and states as follows:

1. The trustee has asserted a preference claim against the Defendant, alleging that the Defendant received a fraudulent transfer of a one-half interest in real property commonly known as 1 Tinker Lane, Greenwich, Connecticut.

2. The Defendant has provided documents and information to the trustee demonstrating that it may have the following defenses to the trustee's claims:

    (a) that the Debtor had no unsecured creditors at the time of the transfer as required by 11 U.S.C. § 544(b)(1);

    (b) that the Debtor was not insolvent at the time of the transfer as required by Conn. Gen. Stat., § 52-552(e)(2) and 552(f);

    (c) that the Debtor and the Defendant did not engage in the transfer with the intent to hinder, delay, or defraud the creditors of the Debtor, and that many of the badges of fraud typically used to determine the existence of such intent do not exist in this case.

1

3. After taking into account the documents and information supplied by the Defendant, the trustee has agreed to settle his preference claims against the Defendant for $150,000.00.

4. The merits of a proposed compromise should be judged under the criteria set forth in Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). TMT Trailer requires that a compromise be "fair and equitable." TMT Trailer, 390 U.S. at 424.

5. In determining whether a proposed compromise is fair and equitable, a Court should consider the following factors:

> (a) the probabilities of the bankruptcy estate's ultimate success on the merits should the claim be litigated;
>
> (b) the complexity, expense, and likely duration of litigating the claim;
>
> (c) the difficulties of collecting a judgment rendered in such litigation; and
>
> (d) all other factors relevant to a full and fair assessment of the wisdom of the compromise.

TMT Trailer, 390 U.S. at 424. The Trustee believes that the proposed settlement satisfies the requirements established by the United States Supreme Court in TMT Trailer.

6. This Court should determine whether the proposed compromise "falls below the lowest point of reasonableness." In re W.T. Grant Co., 699 F.2d 599 (2d Cir. 1983). "We conclude by reemphasizing that the task of the bankruptcy judge was not to determine whether the settlement was the best that could have been obtained, something that he nor we can ever know, but whether `it falls below the lowest point in the range of reasonableness.'" In re W.T. Grant Co., 699 F.2d at 613, quoting Newman v. Stein, 464 F.2d at 693.

7. The trustee believes that the foregoing compromise is in the best interest of the estate, given the cost and risks of litigation. The trustee has concluded that the defenses discussed above are legitimate, good faith defenses that may defeat the trustee's claims in whole or in part.

2

8. Furthermore, the Trustee has determined that, if he were to prevail on his claims in full, the net result to the estate of a sale of a one-half interest in 1 Tinker Lane may not yield more to the estate that the proposed settlement, when one considers the costs of sale (brokerage fees, conveyance taxes, etc.), the amount of the mortgages on the property, and the costs associated with the required action under 11 U.S.C. § 363(h)

9. As a result, and considering the cost, expense and delay involved in litigation, as well as the expense and delay in enforcing any judgment obtained, the trustee has concluded that the proposed settlement is in the best interest of the bankruptcy estate.

WHEREFORE, Richard M. Coan, trustee of the bankruptcy estate of Michael Metter and requests authority to settle his preference claims against Deborah Metter, in accordance with the terms set forth above.

RICHARD M. COAN, TRUSTEE

By_____
Timothy D. Miltenberger (ct08874)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange Street
New Haven, CT 06511
(203) 624-4756
(203) 865-3673 FAX

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2004, a copy of the foregoing was mailed, first class mail, postage prepaid to the following:

Byron Paul Yost
133 Gwynmont Dr.
North Wales, PA 19454
(Attorney for Defendant)

Office of the U.S. Trustee
265 Church Street, Suite 1104
New Haven, CT  06510


_____
Timothy D. Miltenberger